Tukley, J.
delivered the opinion of the court.
A writ in ejectment was issued at the suit of Dianna Conn, from the Circuit Court of Grainger, on the 1st day of June, 1843, against Wm.Proffit, and executed on the 22d of August, 1843. At the December Term, 1843, of said Circuit Court, Wm. Proffit, the tenant in possession, failed to enter his ap • *48 pearance, and a judgment by default was entered against the casual ejector; upon which a writ of possession was issued, to put the plaintiff in ejectment into possession of the premises in dispute, the execution of which was stayed by a writ of injunction at the suit of Thomas Whiteside, the present defendant.
At the April Term, 1844, of the Circuit Court for Grainger county, Thomas Whiteside appeared and filed an affidavit in the words and figures following, to wit: “Doe, lessee of Conn vs. Wm. Proffit—Grainger county, Tennessee, April Term, 1844: Thos. Whiteside makes oath that a judgment by default, in the case above named, was entered at the last term of this court, as he is informed and believes. Deponeht states that defendant,"Wm. Proffit, at the time the writ or summons in the above named case issued, and at the time the judgment by default was taken, was the actual tenant of this deponent, and was living on the land in dispute under aii actual contract of lease; and deponent, states that,he has had the actual possession of said land mentioned in the declaration in the above named case, for more than twenty years, claiming it as his own adversely to all other persons whomsoever. Deponent states that Wm. Proffit gave this deponent no notice of a suit having been instituted against him for said land, nor had this deponent any information of the pending of said suit until after the end of the last term of this court, and after said judgment by default had been taken, or he would have appeared and had himself made defendant in the room and stead of -the tenant in possession. Defendant therefore prays that said judgment may be suspended, and he be permitted to be made defendant in said case.”
Upon this affidavit the Circuit Judge suspended the judgment by default rendered at the previous term, so far as to stay a writ of possession, and reinstated the case on the docket, and permitted Whiteside to enter himself defendant thereto. Whereupon he came into court, entered into the common rule, confessing lease entry and ous'ter, and relying upon title only, pleaded not guilty. Dianna Conn, failing further to prosecute her suit, a judgment by non pros, was taken against her at the December Term, 1844, of said Cir *49 cuit Court, and a copy of the record in the case has been regularly filed by her for a writ of error to reverse the same.
The principal, and only question which we deem it necessary to discuss in the case, is, as to the power of the Circuit Judge to suspend the judgment by default rendered at a previous term against the casual ejector, to reinstate the case upon the docket, and permit Thomas Whiteside to enter himself defendant thereto.
This is a question of practice, and one of much importan.ce to landlords, who, without the existence of this power in the courts, will be hourly subject to imposition and loss, by reason of fraudulent combination between their tenants and others, or from their neglect or ignorance in the performance of the duty which the relation of landlord and tenant imposes upon them.
As a general rule, it is unquestionably true that the judgments of a court, when once finally made, cannot at a subsequent term be set aside by the court that gave them, and this is so, because the parties to be affected by the judgment are before the court when it is rendered, and it is proper that there should be an end of litigation. But the action of ejectment is in very many respects different from other actions— it is in form a fiction; fictitious persons are in the first instance before the court, and, so far as the defence is concerned, a fictitious person remains in the court, unless the tenant in possession, or the landlord, becomes the defendant. It is only by statute that a landlord can be made defendant. This, privilege is reserved to him by statute. But if a judgment by default, in consequence of the neglect of the tenant, be taken against the casual ejector, he is deprived of it, and loses his possession without having been heard in defence of' his right. This is to him a matter of serious import, when it is considered how important the possession is in a struggle for real estate. The action then being in form a fiction, and designed to simplify the mode of redress for wrongs done to-the owners of real estate, the practice upon it has been established by the courts, without regard to analogy of that of other actions, and so as to effect the end proposed' by it, the speedy and just settlement of controversies arising concern *50 ing the right of possession or ownership of real estate. The substitution of defendants, a thing unheard of in other actions, became absolutely necessary to effectuate justice; a trial against Richard Roe would have been nugatory; therefore the tenant in possession was required to be notified, who might at his option make himself defendant, and eventually when experience had proven that justice in many cases required that the landlord'of the tenant, in possession should 'have the same privilege — it was so ordered by statute. This has been done in England, in this State, and no doubt in all of the States of this Union, where this action is used. But the privilege thus secured would be of little avail, if it should be'lost by the fraudulent collusion or neglect of the tenant in giving notice to his landlord of the pending suit, and a consequent judgment by default against* the casual ejector. To obviate'this evil, it has been held by the courts, so far as we have had an opportunity of examination, that the landlord is not precluded by a judgment by default and the lapse of a term from entering himself defendant to the suit, and having it tried upon its merits, if, upon a proper case made out and addressed to the direction of the court, it shall be so ordered. In Adams on Ejectment, 239, it is said, “The motion to admit the landlord to be defendant instead of the tenant, ought regularly to be made before judgment is signed against the casual ejector by the opposite party, and if it be delayed until after that time, the court will grant the motion or not at their discretion. Thus, when a judgment against the casual ejector was signed, and a writ of possession executed thereon, and it appeared upon motion that the landlord’s delay in his application arose from the tenant’s negligence in not giving him due notice of the service of the declaration, according to the provisions of the statute of 11 George 2nd, chap. 19, s. 12, the court ordered the judgment and execution to be set aside, compelled the tenants to pay all costs, and permitted the landlord to be made defendant on the usual terms.” Doe vs. Troughton, Burr 1996. The same doctrine is fully sustained by the case of Jackson vs. Stiles, 4 Johnson’s Rep. 593. In that case, Ch. Justice Kent says; “In an ejectment the landlord is entitled to be made defendant after judgment *51 Ras been entered against the tenant, who neglects or refuses to defend, and in this case the service of the notice of the declaration was so late that he had not time to apply before this term; he is, therefore, clearly in time to make the application.”
This question, we believe, has never been presented to the consideration of this court before; but the reason for adopting the same rule of practice is equally applicable in this State as in England and New York, and we think the Circuit Judge exercised a proper judgment in reinstating the case upon the docket and permitting Whiteside, the landlord, to be made defendant. Judgment affirmed.